DONALD E. CREADORE (DEC-8984)
CREADORE LAW FIRM, PC
450 Seventh Avenue – Suite 1408
New York, New York 10123
Tel:   212.355.7200
Fax:   212.583.0412
E-mail:donald@creadorelawfirm.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____X
R. EDWARD HUNT and JOHN A. OLAGUES,     :
                                         :      ECF FILED
                      Plaintiffs,        :
                                         :      Case No. _____
                                         :
         v.                              :
                                         :
JASON GOREVIC, ADAM VANDERVOORT,         :      VERIFIED COMPLAINT
LEWIS LEVY, STEPHANY VERSTRAETE,         :
ARNNON GESHURI, MALA MURTHY,             :
and TELADOC HEALTH, INC.,                :
                                         :
                      Defendants,        :
_____X
```

Plaintiffs R. Edward Hunt and John A. Olagues ("**Plaintiffs**"), by their

undersigned counsel, asserts the following allegations as against each Defendant:

1.      This is an action for disgorgement under Section 16(b) of the Securities

Exchange Act of 1934, as amended (the "**Act**"), 15 U.S.C. § 78p(b).

2.      Section 16 is the original and only express insider trading provision of the Act;

and it applies to the directors and officers of any issuer of a class of publicly traded

equity securities, in addition to any beneficial owner of more than ten-per-cent (10%) of any such class of securities.

3.     Whenever an issuer grants equity compensation to officers, directors, for the grants to be exempt from section 16(b) matching, the grant must be made by the Compensation Committee comprised of independent non-employee directors of the Board of Directors for the exemption to be achieved.

4.     Under Section 16(b), these "insiders" must disgorge to the issuer—herein Teladoc Health, Inc. ("**Issuer**")—any profit they *realize* from a purchase and sale, or a sale and purchase, of the issuer's equity securities occurring within a period of less than six months.  If an insider fails to disgorge "short-swing" profit the Act empowers the issuer or, alternatively, the owner of any security of the issuer, to bring suit to recover it.

5.     Liability under Section 16(b) is strict.  The profit from a short-swing transaction must be disgorged irrespective of any intention on the part of the insider in entering into such transactions.  Recovery never depends upon proof of scienter, a breach of a duty, or the actual misuse of insider information.

6.     At all times relevant, Plaintiffs are stockholders of the Issuer.

7.     Plaintiffs bring this action against certain executives of the Issuer, namely: (a) Jason Gorevic, CEO; (b) Mala Murthy, CFO; (c) Adam Vandervoort, Chief Legal Officer; (d) Lewis Levy, Chief Medical Officer; (e) Stephany Verstraete, Chief Marketing Officer; and (f) Arnnon Geshuri, Chief Human Resources Officer ("**Defendants**"), all of whom were acting as fiduciaries at all times relevant.

8.      While subject to Section 16 of the Act, each Defendant realized short-swing profits from the grant of derivatives and the sale of the Issuer's common stock.   Under Section 16(b) of the Act, any profits Defendants realized is now the Issuer's lawful property, and each Defendant is liable to account for and disgorge all profits.  Similarly, Defendant Teladoc Health, Inc. is liable for breach of fiduciary duty, including for engaging in spring-loaded awards of executive compensation.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa; by 28 U.S.C. §1331; and by 28 U.S.C. §1332, as plaintiffs are completely diverse to defendants and the amount in controversy exceeds the prevailing jurisdictional minimum.

10.      Venue in this Court is proper pursuant to Section 27 of the Act, 15 U.S.C. § 78aa, and under 18 U.S.C. § 1401.  Venue in this Court is also proper since, upon information and belief, the Issuer transacts substantial business in this District; the Issuer could have sued Defendants in this District; and each of the transactions described in this Complaint was completed in whole or in part in this District.

## THE PARTIES

11.      Plaintiff R. Edward Hunt is a natural person and a resident of the State of Louisiana.  Plaintiff has been a stockholder of the Issuer since July 29, 2022.

12.      Plaintiff John A. Olagues is a natural person and a resident of the State of Louisiana.  Plaintiff has been a stockholder of the Issuer since February 16, 2022.

13.     Upon information and belief, Defendant Teladoc Health Inc. ("**Teladoc**") is duly organized under the laws of the State of Delaware with a principal place of business situated in this District, in Purchase, New York.  In addition to causes of action asserted against Teladoc, Plaintiffs bring this action in the right and for the benefit of the Issuer.

14.     Upon information and belief, Defendant Jason Gorevic ("Gorevic") is a natural person and is a resident of the State of New York.  Gorevic is the chief executive officer (CEO) of Teladoc.

15.     Upon information and belief, Defendant Mala Murthy ("Murthy") is a natural person and is a resident of the State of New York.  Murthy is the chief financial officer (CFO) of Teladoc.

16.     Upon information and belief, Defendant Adam Vandervoort ("Vandervoort") is a natural person and is a resident of the State of New York.  Vandervoort is the legal officer of Teladoc.

17.     Upon information and belief, Defendant Lewis Levy ("Levy") is a natural person and is a resident of the State of New York.  Levy is the chief medical officer of Teladoc.

18.     Upon information and belief, Defendant Stephany Verstraete ("Verstraete") is a natural person and is a resident of the State of New York.  Verstraete is the chief marketing officer of Teladoc.

19.     Upon information and belief, Defendant Jason Geshuri ("Geshuri") is a natural person and is a resident of the State of New York.  Geshuri is the chief human resourse officer of Teladoc.

4

## BACKGROUND FACTS

20.    Upon information and belief, the primary services of Issuer include telehealth, medical opinions, AI and analytics, devices and licensable platform services.

The Restricted Stock Units by Defendant Gorevic

21.    On March 2, 2020, Issuer granted Gorevic 27,311 restricted stock units ("**RSU**") priced at $124.32 per unit, constituting a purchase, and Gorevic made market sales less than six months later, on August 4, 2020, at $245.96, realizing a profit of $3,322,110.

The Performance Shares by Defendant Verstraete

22.    On February 26, 2020, Issuer granted Verstraete 6,000 performance shares priced at $116.86 per share, constituting a purchase, and Verstraete made market sales less than six months later, on August 3, 2020, at $234.07, realizing a profit of $703,262.00.

The Performance Shares by Defendant Vandervoort

23.    On February 26, 2020, Issuer granted Vandervoort 2,612 performance shares priced at $116.86 per share, constituting a purchase, and Vandervoort made market sales less than six months later, on August 3, 2020, at $234.07, realizing a profit of $306,152.00.

24.    The Performance Shares by Defendant Levy

25.    On February 26, 2020, Issuer granted Levy 2,670 performance shares priced at $116.86 per unit, constituting a purchase, and Levy made market sales less than six months later, on August 3, 2020, at $234.07, realizing a profit of $312,950.00.

5

The Equity Stock Options by Defendant Geshuri

26.     On October 30, 2020, Issuer granted Geshuri 1,750 equity stock options ("**ESO**")

at the exercise price of $196.46, constituting a purchase, and Geshuri made market

sales less than six months later, on February 16, 2021, at $298.26, realizing a profit of

$178,150.00.

27.     On October 20, 2020, Issuer granted Geshuri 1,750 equity stock options at the

exercise price of $196.46, constituting a purchase, and Geshuri sold shares less than six

months later, on January 14, 2021, at $226.66, realizing a profit of $52,852.00.

Demand Upon the Issuer

28.     On May 29, 2022, Plaintiff Olagues made a Section 16(b) demand on the Issuer,

alleging that Gorevic had realized profits in violation Section 16(b) of the Act and, as a

consequence, a request for recovery by the Issuer of all profits realized ("**Gorevic**

**Demand Letter**").

29.     More than sixty days (60) has passed and the Issuer has not acted and, as a

consequence, Plaintiffs submits this matter to this Court.

30.     On May 29, 2022, Plaintiff Olagues made a Section 16(b) demand on the Issuer,

alleging that Verstraete had realized profits in violation Section 16(b) of the Act and, as

a consequence, a request for recovery by the Issuer of all profits realized ("**Verstraete**

**Demand Letter**").

31.     More than sixty days (60) has passed and the Issuer has not acted and, as a

consequence, Plaintiffs submits this matter to this Court.

32.     On May 29, 2022, Plaintiff Olagues made a Section 16(b) demand on the Issuer,

alleging that Vandervoort had realized profits in violation Section 16(b) of the Act and,

as a consequence, a request for recovery by the Issuer of all profits realized

("**Vandervoort Demand Letter**").

33.     More than sixty days (60) has passed and the Issuer has not acted and, as a

consequence, Plaintiffs submits this matter to this Court.

34.     On May 29, 2022 (incorrectly dated March 29, 2022), Plaintiff Olagues made a

Section 16(b) demand on the Issuer, alleging that Levy had realized profits in violation

Section 16(b) of the Act and, as a consequence, a request for recovery by the Issuer of

all profits realized ("**Levy Demand Letter**").

35.     More than sixty days (60) has passed and the Issuer has not acted and, as a

consequence, Plaintiffs submits this matter to this Court.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST JASON GOREVIC DISGORGEMENT UNDER SECTION 16B OF THE ACT AS AMENDED 15 U.S.C. § 78P(B)b

36.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth

here.

37.     Section 16(b) of the Act, provides, in pertinent part:

> For the purpose of preventing the unfair use of information
> which may have been obtained by [a 10 percent] beneficial
> owner, director, or officer by reason of his [her] relationship
> to the issuer, any profit realized by him [her] from any
> purchase and sale, and any sale and purchase, of any equity
> security of such issuer (other than an exempted security) or
> a security-based swap agreement involving any such equity
> security within a period of less than six months, unless such
> security or security-based swap agreement was acquired in

good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of the beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months.  Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date of such profit was realized.

38.     At all times relevant, the RSUs belonging to Defendant Gorevic, an officer, was subject to Section 16 of the Act.

39.     Under Section 16(b) of the Act, the profit realized by Gorevic described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiffs in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ADAM VANDERVOORT DISGORGEMENT UNDER 15 U.S.C. § 78P(B)b

40.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

41.     At all times relevant, the performance shares belonging to Defendant Vandervoort, an officer, was subject to Section 16 of the Act.

42.     Under Section 16(b) of the Act, the profit realized by Vandervoort described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by

Plaintiffs in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST STEPHANY VERSTRAETE<br>DISGORGEMENT UNDER 15 U.S.C. § 78P(B)b

43.    Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

44.    At all times relevant, the performance shares belonging to Defendant Verstraete, an officer, was subject to Section 16 of the Act.

45.    Under Section 16(b) of the Act, the profit realized by Verstraete described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiffs in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST LEWIS LEVY<br>DISGORGEMENT UNDER 15 U.S.C. § 78P(B)b

46.    Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

47.    At all times relevant, the performance shares belonging to Defendant Levy, an officer, was subject to Section 16 of the Act.

48.    Under Section 16(b) of the Act, the profit realized by Levy described herein inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiffs in its place and stead, the Issuer having failed to prosecute recovery of the same despite due demands timely made.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ARNNON GESHURI
## DISGORGEMENT UNDER 15 U.S.C. § 78P(B)b

49.     At all times relevant, the equity stock options belonging to Geshuri, an officer,

was subject to Section 16 of the Act.

50.     Under Section 16(b) of the Act, the profit realized by Geshuri described herein

inured to the Issuer and remains the Issuer's lawful property, recoverable by Plaintiffs

in its place and stead, the Issuer having failed to prosecute recovery of the same

despite due demands timely made.

51.     Plaintiffs seek an order of the Court directing disgorgement of all profits realized

by each individual Defendant by reason of violations of Rule 16(b) of the Act.

## AS AND FOR A CAUSE OF SECOND ACTION
## AGAINST DEFENDANT GOREVIC
## BREACH OF FIDUCIARY DUTY

52.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth

here.

53.     As Teladoc's CEO, Gorevic has, at all times relevant, a fiduciary duty not to

engage in transactions or secure benefits that harm the interests and property rights of

shareholders or may violate Rule 16(b) of the Act.

54.     It is presumed that Gorevic knew or should have known that the transaction

violated Rule 16(b) of the Act, on February 26, 2020, but proceeded to consummate the

transaction in conscious disregard of the facts and circumstances and at the expense of

all shareholders, including Plaintiffs.

55.     Gorevic's inaction following receipt of the Gorevic Demand Letter, dated May 29, 2022, demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT VANDERVOORT**
**BREACH OF FIDUCIARY DUTY**

56.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

57.     As Teladoc's chief legal officer, Vendervoort has, at all times relevant, a fiduciary duty not to engage in transactions that harm the interests and property rights of shareholders or may violate Rule 16(b) of the Act.

58.     It is presumed that Vendervoort knew or should have known that the transaction violated Rule 16(b) of the Act, on February 26, 2020, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiffs.

59.     Vandervoort's inaction following receipt of the Vandervoort Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT LEVY
## BREACH OF FIDUCIARY DUTY

60.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

61.     As Teladoc's chief medical officer, Levy has, at all times relevant, a fiduciary duty not to engage in transactions that harm the interests and property rights of shareholders or may violate Rule 16(b) of the Act.

62.     It is presumed that Levy knew or should have known that the transaction violated Rule 16(b) of the Act, on February 26, 2020, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiffs.

63.     Lecy's inaction following receipt of the Levy Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, he refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT VERSTRAETE
## BREACH OF FIDUCIARY DUTY

64.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

65.     As Teladoc's chief marketing officer, Verstraete has, at all times relevant, a fiduciary duty not to engage in transactions that violate the interests and property rights of shareholders or may violate Rule 16(b) of the Act.

66.    It is presumed that Verstraete knew or should have known that the transaction violated Rule 16(b) of the Act, on February 26, 2020, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiffs.

67.    Verstraete's inaction following receipt of the Verstraete Demand Letter demonstrates that, despite having been formally furnished with knowledge of a Rule 16(b) violation, she refused to rectify, disgorge or otherwise return the profits of the short-swing to Issuer.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT GESHURI
### BREACH OF FIDUCIARY DUTY

68.    Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

69.    As Teladoc's chief human resource officer, Geshuri has, at all times relevant, a fiduciary duty not to engage in transactions that harm the interests and property rights of shareholders or may violate Rule 16(b) of the Act.

70.    It is presumed that Geshuri knew or should have known that the transaction violated Rule 16(b) of the Act, on February 26, 2020, but proceeded to consummate the transaction in conscious disregard of the facts and circumstances and at the expense of all shareholders, including Plaintiffs.

13

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT GOREVIC
## UNJUST ENRICHMENT

71.    Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

72.    The foregoing facts establish that Defendant Gorevic enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

73.    The foregoing facts establish that Defendant Gorevic enriched himself at the expense of Teladoc and its shareholders, including Plaintiffs.

74.    At all times relevant, a fiduciary relationship existed by and between Gorevic and Teladoc's shareholders, including Plaintiffs.

75.    There is no justification for Gorevic approving and engaging in a short-swing transaction in violation of the Act.

76.    There is no remedy at law, and jurisdiction in equity exists; the claim for breach of fiduciary duty is equitable.

77.    Accordingly, Plaintiffs respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

78.    Plaintiffs seek an award of damages to be determined at trial, but not in an amount less than $5,580,609.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT VANDERVOORT
## UNJUST ENRICHMENT

79.    Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

80.    The foregoing facts establish that Defendant Vandervoort enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

81.    The foregoing facts establish that Defendant Vandervoort enriched himself at the expense of Teladoc and its shareholders, including Plaintiffs.

82.    At all times relevant, a fiduciary relationship existed by and between Vandervoort and Teladoc's shareholders, including Plaintiffs.

83.    There is no justification for Vandervoort approving and engaging in a short-swing transaction in violation of the Act.

84.    There is no remedy at law, and jurisdiction in equity exists; the claim for breach of fiduciary duty is equitable.

85.    Accordingly, Plaintiffs respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

Plaintiffs seek an award of damages to be determined at trial, but not in an amount less than $810,472.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT LEVY
## UNJUST ENRICHMENT

86.     Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

87.     The foregoing facts establish that Defendant Levy enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

88.     The foregoing facts establish that Defendant Levy enriched himself at the expense of Teladoc and its shareholders, including Plaintiffs.

89.     At all times relevant, a fiduciary relationship existed by and between Levy and Teladoc's shareholders, including Plaintiffs.

90.     There is no justification for Levy approving and engaging in a short-swing transaction in violation of the Act.

91.     There is no remedy at law, and jurisdiction in equity exists; the claim for breach of fiduciary duty is equitable.

92.     Accordingly, Plaintiffs respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

Plaintiffs seek an award of damages to be determined at trial, but not in an amount less than $312,950.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT VERSTRAETE
## UNJUST ENRICHMENT

93.    Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

94.    The foregoing facts establish that Defendant Verstraete enriched herself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

95.     The foregoing facts establish that Defendant Verstraete enriched herself at the expense of Teladoc and its shareholders, including Plaintiffs.

96.    At all times relevant, a fiduciary relationship existed by and between Verstraete and Teladoc's shareholders, including Plaintiffs.

97.    There is no justification for Verstraete approving and engaging in a short-swing transaction in violation of the Act.

98.     There is no remedy at law, and jurisdiction in equity exists; the claim for breach of fiduciary duty is equitable.

99.     Accordingly, Plaintiffs respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

100.    Plaintiffs seek an award of damages to be determined at trial, but not in an amount less than $1,081,580.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT GESHURI
### UNJUST ENRICHMENT

101.   Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

102.   The foregoing facts establish that Defendant Geshuri enriched himself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

103.   The foregoing facts establish that Defendant Geshuri enriched himself at the expense of Teladoc and its shareholders, including Plaintiffs.

104.   At all times relevant, a fiduciary relationship existed by and between Geshuri and Teladoc's shareholders, including Plaintiffs.

105.   There is no justification for Geshuri approving and engaging in a short-swing transaction in violation of the Act.

106.   There is no remedy at law, and jurisdiction in equity exists; the claim for breach of fiduciary duty is equitable.

107.   Accordingly, Plaintiffs respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

108.   Plaintiffs seek an award of damages to be determined at trial, but not in an amount less than $543,339.

18

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT MURTHY
## UNJUST ENRICHMENT

109.   Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

110.   The foregoing facts establish that Defendant Murthy enriched herself by engaging in a short-swing transaction in violation of Section 16(b) of the Act.

111.    The foregoing facts establish that Defendant Murthy enriched herself at the expense of Teladoc and its shareholders, including Plaintiffs.

112.   At all times relevant, a fiduciary relationship existed by and between Murthy and Teladoc's shareholders, including Plaintiffs.

113.   There is no justification for Murthy approving and engaging in a short-swing transaction in violation of the Act.

114.    There is no remedy at law, and jurisdiction in equity exists; the claim for breach of fiduciary duty is equitable.

115.   Accordingly, Plaintiffs respectfully requests that this Court exercise jurisdiction over the unjust enrichment claim under the clean-up doctrine.

116.   Plaintiffs seek an award of damages to be determined at trial, but not in an amount less than $252,693.00.

## AS AND FOR A FIRST CAUSE OF ACTION
## AS AGAINST DEFENDANT TELADOC
## <u>BREACH OF FIDUCIARY DUTY</u>

117.   Plaintiffs repeat and re-allege each and every prior allegation as if fully set forth here.

118.   Upon information and belief, Issuer's Board and/or Compensation Committee granted derivatives, including RSUs, ESOs and performance shares on February 26, 2020, to a select and exclusive group of officers—the named Defendants—just minutes in advance of Issuer's press release reporting high earning and sales (for Q4 2019), resulting is a substantial and immediate rise in the share price of Teladoc, on February 27, 2020.

119.   Upon information and belief, Issuer breached its fiduciary duty to its shareholders when it agreed to grant each individual defendant, as the case may be, RSUs, ESOs and performance shares, while also possessing market-moving information.

120.   Upon information and belief, Issuer breached its fiduciary duty to its shareholders when it agreed to grant each individual defendant, as the case may be, RSUs, ESOs and performance shares in advance of market-moving information.

121.   Upon information and belief, the Board and/or Compensation Committee is liable for breach of their fiduciary duty to the shareholders in the course of materially enhancing the number of shares granted to top executives, and by purposefully timing these grant to front-run a market-moving announcement reflecting an immediate and substantial increase in Teladoc's share price.

122.    The inaction of Teladoc's Board and/or Compensation Committee to the Gorevic Demand Letter, Vandervoort Demand Letter, Verstraete Demand Letter, and the Levy Demand Letter, demonstrates willful blindness constituting a breach of fiduciary duty by Teladoc's Board and/or Compensation Committee.

123.    The breaches of Teladoc's Board and/or Compensation Committee has resulted in damages to all shareholders, including plaintiffs, in an amount to be determined at trial, but not less than $8,851,647.00.

## **PRAYER FOR RELIEF**

W H E R E F O R E, Plaintiffs demands judgment as follows:

(i) Against Defendant Jason Gorevic on the FIRST CAUSE OF ACTION to account for and to pay over to the Issuer the short-swing profit realized and retained by him in violation of Section 16(b) of the Act in an amount not less than $3,322,110.00, in addition to pre- and post-judgment interest and the costs of this suit;

(ii) Against Jason Gorevic on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiffs-shareholders, requiring Defendant Gorevic to account for and to pay over to the Issuer the short-swing profit realized and retained by him in an amount not less than $5,850,609.00, in addition to pre- and post-judgment interest and the costs of this suit;

(iii) Against Jason Gorevic on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $5,850,609.00, in addition to pre- and post-judgment interest and the costs of this suit;

(iv) Against Defendant Adam Vandervoort on the FIRST CAUSE OF ACTION to
account for and to pay over to the Issuer the short-swing profit realized and
retained by him in violation of Section 16(b) of the Act in an amount not less
than $306,152.00, in addition to pre- and post-judgment interest and the costs
of this suit;

(v) Against Adam Vandervoort on the SECOND CAUSE OF ACTION for breach of
fiduciary duty to Plaintiffs-shareholders, requiring Defendant Vandervoort to
account for and to pay over to the Issuer the short-swing profit realized and
retained by him in an amount not less than $810,472.00, in addition to pre- and
post-judgment interest and the costs of this suit;

(vi) Against Adam Vandervoort on the THIRD CAUSE OF ACTION for unjust
enrichment in an amount not less than $810,472.00, in addition to pre- and post-
judgment interest and the costs of this suit;

(vii) Against Defendant Stephany Verstraete on the FIRST CAUSE OF ACTION to
account for and to pay over to the Issuer the short-swing profit realized and
retained by her in violation of Section 16(b) of the Act in an amount not less
than $703,262.00, in addition to pre- and post-judgment interest and the costs
of this suit;

(viii) Against Stephany Verstraete on the SECOND CAUSE OF ACTION for breach of
fiduciary duty to Plaintiffs-shareholders, requiring Defendant Verstraete to
account for and to pay over to the Issuer the short-swing profit realized and

retained by her in an amount not less than $1,081,580.00, in addition to pre-
and post-judgment interest and the costs of this suit;

(ix) Against Stephany Verstraete on the THIRD CAUSE OF ACTION for unjust
enrichment in an amount not less than $1,081,580.00, in addition to pre- and
post-judgment interest and the costs of this suit;

(x) Against Defendant Lewis Levy on the FIRST CAUSE OF ACTION to account for
and to pay over to the Issuer the short-swing profit realized and retained by him
in violation of Section 16(b) of the Act in an amount not less than $312,950.00,
in addition to pre- and post-judgment interest and the costs of this suit;

(xi) Against Lewis Levy on the SECOND CAUSE OF ACTION for breach of fiduciary
duty to Plaintiffs-shareholders, requiring Defendant Levy to account for and to
pay over to the Issuer the short-swing profit realized and retained by him in an
amount not less than $312,950.00, in addition to pre- and post-judgment
interest and the costs of this suit;

(xii) Against Lewis Levy on the THIRD CAUSE OF ACTION for unjust enrichment in
an amount not less than $312,950.00, in addition to pre- and post-judgment
interest and the costs of this suit;

(xiii) Against Defendant Arnnon Geshuri on the FIRST CAUSE OF ACTION to
account for and to pay over to the Issuer the short-swing profit realized and
retained by him in violation of Section 16(b) of the Act in an amount not less
than $231,002.00, in addition to pre- and post-judgment interest and the costs
of this suit;

23

(xiv) Against Arnnon Geshuri on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiffs-shareholders, requiring Defendant Geshuri to account for and to pay over to the Issuer the short-swing profit realized and retained by him in an amount not less than $543,339.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xv) Against Arnnon Geshuri on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $543,339.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xvi) Against Mala Murthy on the SECOND CAUSE OF ACTION for breach of fiduciary duty to Plaintiffs-shareholders, requiring Defendant Murthy to account for and to pay over to the Issuer the short-swing profit realized and retained by her in an amount not less than $252,693.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xvii) Against Mala Murthy on the THIRD CAUSE OF ACTION for unjust enrichment in an amount not less than $1,081,580.00, in addition to pre- and post-judgment interest and the costs of this suit;

(xviii)     Awarding Plaintiffs damages by reason of Defendant Teladoc's breach of its fiduciary duty to Plaintiff and all other shareholders in an amount to be determined at trial, but not less than $8,851,647.00.

(xix)     Awarding Plaintiff all costs, disbursements, and reasonable attorneys' fees; and

(xx)     Awarding Plaintiffs such further relief as the Court deems just and proper.


Dated:     August 1, 2022
           New York, New York

                          CREADORE LAW FIRM PC
                          *Attorney for Plaintiffs*

                          By:___/s/ Donald Creadore_____
                                Donald E. Creadore (DEC-8984)
                                450 Seventh Avenue – Suite 1408
                                New York, NY 10123
                                Tel:    212.355.7200
                                Fax:    212.583.0412
                                E-mail: donald@creadorelawfirm.com

## **INDIVIDUAL VERIFICATION**

I, R. Edward Hunt, declare under penalty of perjury under the law of New York State, that I am a named plaintiff in the above-entitled action; that I have read the verified complaint and know the contents thereof and that the same is true, except as to matters stated therein upon information and belief as to those matters that I believe them to be true.

STATE of LOUISIANA)
JEFFERSON PARRISH)
USA                        )
Signed this day of August 1, 2022.

R Edward Hunt

R. Edward Hunt
2117 Veteran's Blvd.
Metairie, LA 70002

## **INDIVIDUAL VERIFICATION**

I, John A. Olagues, declare under penalty of perjury under the law of New York State, that I am a named plaintiff in the above-entitled action; that I have read the verified complaint and know the contents thereof and that the same is true, except as to matters stated therein upon information and belief as to those matters that I believe them to be true.

STATE of LOUISIANA)
JEFFERSON PARRISH)
USA                         )
Signed this day of August 1, 2022.

John A. Olagues
413 Sauve Road
River Ridge, LA 70123